IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEVIN ANDERSON,

      *Plaintiff,*

vs.

      Case No. 16-1102-EFM-GEB

BESTMARK EXPRESS, INC.,

      *Defendant.*

**MEMORANDUM AND ORDER**

Plaintiff Kevin Anderson filed suit against Defendant Bestmark Express, Inc. due to circumstances surrounding the end of his employment with Defendant.  He asserts claims for breach of duty of good faith and defamation.  Defendant has filed a Motion for Judgment on the Pleadings (Doc. 10).  It asserts that Plaintiff's first claim fails as a matter of law and that Plaintiff's second claim fails factually.  Because the Court agrees with Defendant on the first proposition but disagrees with Defendant on the second argument, the Court grants in part and denies in part Defendant's Motion for Judgment on the Pleadings.

## I.  **Factual Background**[1]

Plaintiff Kevin Anderson began working for Defendant Bestmark Express, Inc. as an over-the-road truck driver in August 2015.  In October 2015, a different truck driving company

---

[1] The facts are taken from Plaintiff's Complaint and viewed in the light most favorable to Plaintiff.

offered Plaintiff a position, and he planned to begin work after he gave his two weeks' notice to Defendant. In October 2015, Plaintiff sought a scheduling adjustment a week in advance from his supervisor, owner and dispatcher Mark Miller, to be home in Florida on Halloween with his family. This request was granted at that time. On October 30, the decision was reversed. Plaintiff announced his resignation to Mike Miller and said he would tell owner Mark Miller of his resignation as well.

Later, when Plaintiff told Mark Miller of his resignation, Mark yelled, "Oh, you just f***ed yourself!" Mark also yelled that Defendant was going to report that Plaintiff missed a drug test and abandoned a load which would prevent Plaintiff from getting another job. When Plaintiff offered to take the drug test even though he had just resigned, Mark screamed, "It's too late!" and "you f***ed yourself!" He also ordered the shop foreman to remove Plaintiff from the premises.

Defendant did not properly notify Plaintiff of a pending drug or alcohol test and even if a test was scheduled, it refused to let Plaintiff take the test after Plaintiff announced his resignation. Defendant falsely reported an intentionally missed drug test on Plaintiff's driving record and to Plaintiff's new employer. As a result, Plaintiff lost his employment with his new employer.

Plaintiff filed suit in the District of Kansas in April 2016. He first alleges a breach of duty of good faith. He asserts that in retaliation for Plaintiff's decision to resign, Defendant wrongfully reported on his driving record and to his new employer that Plaintiff had missed a drug test. Plaintiff states that this report was done maliciously and in bad faith. Plaintiff next alleges defamation stating that Defendant made a false and defamatory statement that Plaintiff

had intentionally refused to take a drug test.  He alleges that Defendant published this statement to the company that manages driver's records and to his new employer.

Defendant filed its Answer and attached five exhibits.  Defendant has now filed a Motion for Judgment on the Pleadings and states that Plaintiff's breach of duty of good faith claim fails legally and his defamation claim fails factually.

## II.   Discussion

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the pleadings are closed as long as the motion is made early enough not to delay trial.[2]  The standard for dismissal under Rule 12(c) is the same as a dismissal under Rule 12(b)(6).[3]  So to survive a motion for judgment on the pleadings, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face."[4]  All reasonable inferences from the pleadings are granted in favor of the non-moving party.[5]  Judgment on the pleadings is appropriate when "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law."[6]  If documents are attached to the pleadings as exhibits and are central to the complaint, they may be considered in deciding a Rule 12(c) motion.[7]

---

[2] Fed. R. Civ. P. 12(c).

[3] *Myers v. Koopman*, 738 F.3d 1190, 1193 (10th Cir. 2013).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[5] *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012).

[6] *Id*. (quotations marks and citation omitted).

[7] *See Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) (stating that a court may consider documents attached to the complaint when ruling on a Rule 12(b)(6) motion); *Myers*, 738 F.3d at 1193 (noting that

Defendant first argues that Plaintiff's breach of the duty of good faith claim fails as a matter of law because a duty of good faith does not arise from employment-at-will contracts in Kansas.[8]  Defendant recognizes that there are some exceptions to the employment-at-will doctrine but states that Plaintiff does not allege any of these exceptions.[9]  Plaintiff agrees that Kansas has held that in employment-at-will situations, there is no duty of good faith and that he did not allege one of the recognized exceptions.

Plaintiff, however, attempts to repackage his claim as one for an implied good faith duty not to maliciously and falsely misuse federal regulations as a weapon to sabotage future employment opportunities. He claims that Defendant did not follow these federal regulations in good faith.  Plaintiff does not direct the Court to any authority that would recognize this type of claim.[10]

In reality, Plaintiff's claim does not appear to be a claim for Defendant's conduct during the employment-at-will relationship but instead for conduct that occurred post-resignation or post-termination that had an effect on future employment propositions.  Yet, Plaintiff provides this Court with no authority or basis that this conduct satisfies a breach of the duty of good faith claim.  Indeed, it appears that the conduct alleged is the same conduct as alleged in Plaintiff's

---

the standard is the same for a Rule 12(c) motion for judgment on the pleadings as a Rule 12(b)(6) motion to dismiss).

[8] *See Campbell v. Husky Hogs, LLC*, 292 Kan. 225, 227, 255 P.3d 1, 3 (2011) (noting that "Kansas historically adheres to the employment-at-will doctrine, which holds that employees and employers may terminate an employment relationship at any time, for any reason, unless there is an express or implied contract governing the employment's duration.").

[9] *Id.* at 228, 255 P.3d at 4 (noting four exceptions to the at-will employment doctrine).

[10] Plaintiff briefly references two cases from district courts outside of this circuit, but he candidly acknowledges that the circumstances in those cases are altogether different from the circumstances in this case.

defamation claim which will be discussed below.  Thus, the Court finds that Defendant is entitled to judgment as a matter of law on Plaintiff's claim for breach of the duty of good faith.

Defendant next argues that Plaintiff's defamation claim factually fails because Defendant submitted evidence, by way of exhibits attached to its Answer, demonstrating that Plaintiff really did miss a drug test.  Thus, Defendant contends that the allegedly defamatory statement that Plaintiff intentionally missed a drug test is true.  Presumably, Defendant makes this argument because truth is a complete defense to a defamation claim.[11]  Defendant, however, did not cite to any law nor provide any discussion regarding a defamation claim.  In any event, the Court construes the allegations in the Complaint as true, and Defendant's evidence does not address Plaintiff's allegations that Defendant failed to properly notify him of the drug test, refused to let him take it after he resigned, and then *wrongfully* reported that he *intentionally* missed the drug test.  Accordingly, the Court denies Defendant's motion with respect to Plaintiff's defamation claim.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Judgment on the Pleadings (Doc. 10) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED**.

Dated this 28th day of November, 2016.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[11] *See Snyder v. Am. Kennel Club*, 661 F. Supp. 2d 1219, 1238 (D. Kan. 2009).